UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BART FANELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO: |
| v. ) | |
| ) | 1:11-cv-00436-LMM |
| BMC SOFTWARE INC., ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION
FOR ATTORNEYS' FEES UNDER O.C.G.A. § 9-11-68**

Defendant BMC Software, Inc. ("BMC") conspicuously does not oppose Plaintiff's Motion for Attorneys' Fees Under O.C.G.A. § 9-11-68 (the "§ 9-11-68 Motion") [227] by contending (i) that O.C.G.A. § 9-11-68 does not apply to diversity actions in this Court, (ii) that Plaintiff's Offer of Settlement (the "Offer of Settlement") is in any way defective under § 9-11-68(a) or was not made in good faith, (iii) that Plaintiff has not recovered a final judgment in an amount that satisfies § 9-11-68(b)(2), or (iv) that the additional attorneys' fees that Plaintiff now seeks to be awarded are not reasonable in hourly rates or time charged. Instead BMC contests the § 9-11-68 Motion primarily on the ground that $17,028.50 of the $18,267.26 of attorneys' fees that are here sought by Plaintiff

1

were incurred in connection with post-trial motions and briefing after the Judgment On Jury Verdict in favor of Plaintiff was entered on May 11, 2015. [205] BMC's myopic reading of § 9-11-68 is neither rational in the circumstances of this lawsuit nor supported by any of the authorities cited by BMC.

To be sure, § 9-11-68(b)(2) does refer to "the entry of judgment" as cutting off the time period for incurring attorneys' fees and expenses of litigation that may be recovered under this statutory provision. But "entry of judgment" is not defined in § 9-11-68. And BMC does not, and cannot, dispute that ***Plaintiff did not meet the $375,000+ recovery threshold of § 9-11-68(b)(2) until the Court entered Judgment for him on his claim for attorneys' fees and litigation expenses pursuant to O.C.G.A. § 13-6-11 in the amount of $307,428.20 on August 31, 2015***. [223]

It is therefore the entry of this latter Judgment, not the Judgment On Jury Verdict nearly four months earlier, that closes the door on attorneys' fees and litigation expenses under § 9-11-68(b)(2). Any other interpretation of "the entry of judgment" in this context would make no sense. Indeed, BMC ought to be estopped from arguing otherwise because Plaintiff agreed to present evidence of his § 13-6-11 attorneys' fees and litigation expenses after trial pursuant to LR 54.2

only to resolve BMC's request to bifurcate this showing. *See* Minute Order of telephonic pretrial conference on May 1, 2015. [187]

BMC's reliance on *Wheatley v. Moe's Sw. Grill, LLC*, 580 F. Supp. 2d 1324 (N.D. Ga. 2008), is misplaced. In that case, Judge Batten simply held that § 9-11-68(b)(1) did not allow defendants to be awarded additional attorneys' fees of approximately $49,000 that they incurred on appeal to the Eleventh Circuit of the Court's Order granting their motion for summary judgment. *Id*. at 1326.

*Gowen Oil Co. v. Abraham*, 511 F. App'x 930 (11th Cir. 2013), is of even less help to BMC. Although the district court granted summary judgment to one of defendants on September 3, 2010, it did not enter final judgment in favor of that defendant until more than a year later on January 10, 2011. *Id*. at 932. As a result, the Eleventh Circuit held that the district court did not abuse its discretion[1] in applying § 9-11-68(b)(1) by awarding that defendant attorneys' fees and litigation expenses that it incurred after September 3, 2010 and before January 13, 2011. *Id*. at 933.[2]

---

[1] In *Gowen*, the Eleventh Circuit confirmed that, like any award of attorneys' fees, a district court's award of attorneys' fees and litigation expenses under § 9-11-68 is reviewed on appeal only for an abuse of discretion. *Gowen*, 511 F. App'x at 933.
[2] The reference to January 13, 2011 appears to be a clerical error since final judgment for that defendant was entered on January 10, 2011.

Finally, in *McKesson Corp. v. Green*, 286 Ga. App. 110 (2007), the Georgia Court of Appeals affirmed the trial court's denial of defendant's motion for attorneys' fees under § 9-11-68(b)(1) where plaintiffs had voluntarily dismissed their claims without prejudice. *Id.* at 116. As the Court of Appeals cautioned, "[a] right to dismiss voluntarily without prejudice would be meaningless if doing so would trigger the payment of the defendant's attorney fees." *Id.* BMC consequently cannot draw any comfort from this decision as well.

Accordingly, for the reasons set forth above and in the § 9-11-68 Motion, Plaintiff asks the Court to award him the attorneys' fees of **$18,267.26** that he incurred after December 1, 2013 and before August 31, 2015 that were not requested or awarded under § 13-6-11.

Respectfully submitted, this 1st day of October, 2015.

/s/ Michael Eric Ross
Michael Eric Ross
Ga. Bar No.: 615190
Scott G. Blews
Ga. Bar No.: 063390
Eric S. Fisher
Ga. Bar No.: 250428
Glianny Fagundo
Ga. Bar No. 254033
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (678) 336-7234
Facsimile: (770) 434-7376

mross@taylorenglish.com
sblews@taylorenglish.com
efisher@taylorenglish.com
gfagundo@taylorenglish.com

*Attorneys for Plaintiff Bart Fanelli*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BART FANELLI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION NO: |
| v. | ) |
| | ) 1:11-cv-00436-LMM |
| **BMC SOFTWARE INC.,** | ) |
| a Delaware corporation, | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## **CERTIFICATE OF COMPLIANCE WITH LR 5.1**

I HEREBY CERTIFY that I prepared the foregoing in Times New Roman, 14-point font, as approved by LR 5.1.

/s/ Michael Eric Ross
Michael Eric Ross
Ga. Bar No.: 615190
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (678) 336-7234
Facsimile: (770) 434-7376
mross@taylorenglish.com
*Attorney for Plaintiff Bart Fanelli*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BART FANELLI, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) |
| | ) 1:11-cv-00436-LMM |
| BMC SOFTWARE INC., | ) |
| a Delaware corporation, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES UNDER O.C.G.A. § 9-11-68 was filed with the Clerk of Court using the CM/ECF system, which will automatically send an e-mail notification of such filing to all counsel of record.

This 1st day of October, 2015.

/s/ Michael Eric Ross
Michael Eric Ross